## TURNER ET AL., EXECUTORS OF MORTON, *v.* WADE, SHERIFF OF BROOKS COUNTY, GEORGIA.

ERROR TO THE SUPREME COURT OF THE STATE OF GEORGIA.

No. 29. Argued November 14, 1919; restored to docket for reargument January 5, 1920; reargued October 11, 1920.—Decided November 8, 1920.

The Georgia Tax Equalization Act (Laws, 1913, p. 123, §§ 6–7), empowers the Board of County Tax Assessors to assess property for taxation and requires it to notify the taxpayer of changes made in his returns; it gives him, if dissatisfied, the right to demand an arbitration, and provides that a majority of three arbitrators, one appointed by him, one by the Board and the third by the two so selected, shall fix the assessment; but the arbitrators must render their decision within ten days from the naming of the arbitrator by the Board, otherwise the Board's decision—*i. e.,* its assessment—stands affirmed; and no notice is afforded the taxpayer before the making of the Board's assessment, nor any opportunity to be heard concerning it save that before the arbitrators. *Held,* that an assessment so made by the Board of County Tax Assessors, increasing the valuation returned by a property owner, without notice or hearing, was without due process of law, where his remedy by arbitration proved abortive because the arbitrators, though agreeing that the assessment was excessive, could no two of them unite on a new assessment before the ten day limitation expired. P. 70.

147 Georgia, 666, reversed.

THE case is stated in the opinion.

*Mr. Arthur G. Powell,* with whom *Mr. John D. Little, Mr. Marion Smith* and *Mr. Max F. Goldstein* were on the brief, for plaintiffs in error.

*Mr. Graham Wright,* Assistant Attorney General of the State of Georgia, with whom *Mr. R. A. Denny,* Attorney General, was on the brief, for defendant in error.

Mr. Justice Day delivered the opinion of the court.

This case involves the constitutional validity under the due process clause of the Fourteenth Amendment of certain provisions of the Georgia Tax Equalization Act. Georgia Laws, 1913, p. 123.

The facts stated in the petition and amended petition are not disputed, and show that plaintiffs in error returned property for taxation at the value of $44,225. The County Board of Tax Assessors without hearing raised the assessment to $80,650. Notice was then given to the plaintiffs in error of the increase. Following the statute, plaintiffs in error demanded arbitration, and named an arbitrator, the Board selected an arbitrator, and the two selected a third. Upon meeting of the arbitrators all agreed that the value assessed by the Board was excessive. The arbitrator named by the plaintiffs in error fixed the valuation at $50,000. The arbitrator named by the Board fixed the valuation at $66,000. The third arbitrator fixed the valuation at $63,000. The arbitrators could not agree, each adhering to his own view. All the arbitrators believed the assessment too high, but for lack of agreement the arbitration failed, and after ten days from the date of naming of the arbitrator designated by the Board had expired, the statutory requirement that the valuation of the Board of Assessors should stand affirmed was followed, and the Collector demanded payment of the taxes on the sum of $80,650, the valuation fixed by the Assessors. The Tax Collector issued execution for the taxes upon this valuation, and plaintiffs in error filed a petition in equity to prevent the enforcement of the execution, setting up the constitutional objection to which we have referred.

The Superior Court of Georgia on interlocutory hearing granted an *ad interim* injunction. This action was reversed by the Supreme Court of Georgia. Upon a second

writ of error from the Supreme Court of Georgia the act
was again held constitutional.

The assessment by the Board of Assessors was made
under § 6 of the act, which provides that the Board of
County Assessors shall meet each year within ten days of
the date of the closing of the tax returns to receive and
inspect the same. It is made the duty of the Board to
examine the returns of both real and personal property,
and if at any time, in the opinion of the Board, any tax-
payer has omitted from his return any property which
should be returned, or has failed to return property at its
fair valuation, the Board is authorized to correct such
returns and assess and fix the fair valuation upon the
property. When the corrections, changes, and equaliza-
tions have been made by the Board, it is then its duty to
give notice to any taxpayer of any changes made in his
return, either personally or by leaving the same at his
residence or place of business, or, in case of non-residents
by mail. The section further provides that if the taxpayer
is dissatisfied with the action of the Board, he may within
ten days from the giving of said notice give notice to the
Board that he demands an arbitration, giving at the same
time the name of his arbitrator. Whereupon the Board
shall name its arbitrator within three days thereafter and
the two shall select a third, a majority of whom shall fix
the assessment upon the property upon which the taxpayer
shall pay taxes except so far as the same may be affected
by the findings and orders of the State Tax Commissioner
as in the act provided. Provision is made for qualification
of arbitrators, and that they shall render their decision
within ten days from the date of naming of the arbitrator by
the Board of Assessors, otherwise the decision of the Board
of Assessors shall stand and be binding in the premises.
(The pertinent part of § 6 is given in the margin.[1])

---

[1] "Sec. 6. Be it further enacted by the authority aforesaid, That the
said Board of County Tax Assessors in each county shall meet each

In considering certain sections of the Georgia tax laws this court held in *Central of Georgia Ry. Co.* v. *Wright,* 207 U. S. 127, that due process of law requires that after such notice as may be appropriate the taxpayer have opportunity to be heard as to the validity of a tax and the

year within ten days from the date of the closing of the tax returns for the current year, to receive and inspect the tax returns to be laid before them by the Tax Receiver as hereinbefore provided. It shall be the duty of said board to examine all the returns of both real and personal property of each tax payer, and if in the opinion of the board any tax payer has omitted from his returns any property that should be returned or has failed to return any of his property at a just and fair valuation, the said board shall correct such returns and shall assess and fix the just and fair valuation to be placed on said property and shall make a note thereof and attach the same to such returns. It shall be the duty of said board to see that all taxable property within the county is assessed and returned at its just and fair valuation and that valuations as between the individual tax payers are fairly and justly equalized so that each tax payer shall pay as near as may be, only his proportionate share of taxes. When any such corrections, changes and equalizations shall have been made by said board, it shall be the duty of the board to immediately give notice to any tax payer of any changes made in his returns, either personally or by leaving same at his residence or place of business, or, in case of non-residents of the county, by sending said notice through the United States mails to his last known place of address.

"If any tax payer is dissatisfied with the action of said board, he may within ten days from the giving of said notice in case of residents, and within twenty days in case of non-residents of the county, give notice to said board that he demands an arbitration giving at the same time the name of his arbitrator: the board shall name its arbitrator within three (3) days thereafter and these two shall select a third, a majority of whom shall fix the assessments and the property on which said tax payer shall pay taxes, and said decision shall be final, except so far as the same may be affected by the findings and orders of the State Tax Commissioner as hereinafter provided. The said arbitrators shall be freeholders of the county and shall render their decision within ten days from the date of the naming of the arbitrator by said board, else the decision of said board shall stand affirmed and shall be binding in the premises."

amount thereof by giving him the right to appear for
that purpose at some stage of the proceedings.  This case,
with others, was cited with approval in *Londoner* v. *Denver*,
210 U. S. 373, 385, wherein we said that if the legislature of
the State, instead of fixing the tax itself, commits to the
subordinate body the duty of determining whether, and
in what amount, and upon whom, the tax shall be levied,—
due process of law requires that at some stage of the
proceedings, before the tax becomes irrevocably fixed, the
taxpayer must have the opportunity to be heard, of which
he must have notice whether personal, by publication, or
by some statute fixing the time and place of the hearing.
(See 210 U. S. 385, and previous cases in this court cited
on page 386.)  See also *Coe* v. *Armour Fertilizer Works*,
237 U. S. 413, 425.

As we have understood the argument of the Attorney
General, it is admitted that the provision for arbitration,
under the facts herein shown, does not of itself afford due
process of law.  But, it is now contended that § 7 saves
the statute and provides for notice and hearing.  Section 7
provides·

"That it shall be the duty of the County Board of Tax
Assessors to diligently investigate and inquire into the prop-
erty owned in the county for the purpose of ascertaining
what property, real and personal, is subject to taxation in
the county and to require its proper returns for taxation.

"The said Board shall have authority to issue subpœnas
for the attendance of witnesses and to require the produc-
tion by any person of all his books, papers and documents
which may throw any light upon the question of the exist-
ence or liability of property of any class for taxation.  If
any witness, so subpœnaed, shall fail or refuse to answer
questions propounded or shall fail or refuse to produce any
such books, papers or documents, such person shall be
cited by said board to appear before the ordinary of the
county," etc.  (Punishment as for a contempt is provided.)

This case was twice before the Supreme Court of Georgia. In 146 Georgia, 600, the court held that when any change is made in the valuation of the property the taxpayer must be given notice of such change and, if dissatisfied, may demand an arbitration, and have a hearing before arbitrators as provided for in the act, and that such hearing gave due process of law. In 147 Georgia, 666, the previous decision was affirmed, and it was again held that, where any change is made in the valuation of the property of a taxpayer, he must be given notice of the change and, if dissatisfied, demand arbitration and a hearing before arbitrators as provided in the act, and the opinion refers to *Vestel* v. *Edwards*, 143 Georgia, 368, wherein it was said that § 6 of the act was attacked as violative of the due process of law clause of the Constitution for the reason, among others, that the act requires the arbitration to be made within ten days from the date of selection of the arbitrator by the Tax Assessors and without making allowance for inability to agree upon a third assessor or arbitrator, or adequate time for the examination of property and the ascertainment of its value, or for any other cause which might render the arbitration impossible within the time specified in the act. The court said that this part of the act was not obnoxious to the State or Federal Constitutions.

In *Vestel* v. *Edwards*, the court held that the appointment of a brother of one of the assessors as arbitrator disqualified him from acting as arbitrator, and in considering the statute we find no suggestion from the Georgia Supreme Court that a hearing was provided before the Board of Assessors. The court said that the provisions of a previous act (1910) read in connection with the statute of 1913, provided that the Ordinary might appoint the third arbitrator in event of inability to agree to such arbitrator by the two already selected. But this case presents no such situation. The arbitrators were agreed

upon. The arbitration failed because within the ten-day period fixed neither of the three arbitrators would recede from the valuation fixed by himself upon the property, and hence no majority award could be made. We are, therefore, unable to find in the decisions of the Supreme Court of Georgia that that court understood § 7 to provide for the notice and hearing required by due process of law. Therefore, looking to the sections of the statute for ourselves, we are forced to the conclusion that reading the provisions together, being parts of one and the same act, they clearly show that the Board of Assessors was not required to give any notice to the taxpayer, nor was opportunity given him to be heard as of right before the assessment was finally made against him. But provision was made for notice of the assessment to the taxpayer after it was made, and in event of his dissatisfaction the arbitration was to afford a hearing to him. Such hearing was all that the statute contemplated that the taxpayer should have.

In the present case, as the facts already stated show, the taxpayer is subject to an assessment made without notice and hearing. In that situation we are clear that the case comes within the decision of this court in *Central of Georgia Ry. Co.* v. *Wright, supra,* and kindred cases, and not within that line of cases wherein the statute has fixed the time and place of hearing with opportunity to the taxpayer to appear and be heard upon the extent and validity of the assessment against him.

Entertaining this view, it follows that the assessment of the Board of Assessors ought to have been enjoined, because § 6 of the act, as construed and applied in this case, denies to the complaining taxpayer due process of law. It follows that the judgment of the Supreme Court of Georgia must be reversed and the case remanded to that court for further proceedings not inconsistent with this opinion.

*Reversed.*